Case 2:16-cr-00186   Document 65   Filed on 02/09/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | **CRIMINAL NO. 2:16-186** |
| **FAUSTO BECERRA,**<br>    Defendant. | §<br>§<br>§ | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Fausto Becerra's Title 18 U.S.C. sec. 3582(c)(1)(A)(ii) EMERGENCY MOTION FOR COMPASSIONATE RELEASE Pursuant to FIRST STEP ACT. D.E. 64.

### I. BACKGROUND

In 2016, Defendant pled guilty to conspiracy to possess with intent to distribute 14.97 kilograms of cocaine. He has served 72 months (80%) of his 90-month sentence and has a projected release date, after good time credit, of October 18, 2022. He now moves the Court for compassionate release in order that he can be the primary caregiver for his elderly mother and teenage son. Defendant submitted an administrative request for a sentence reduction with the warden at FCI Gilmer on November 23, 2021, and states that no action was ever taken to investigate his situation.

### II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

1

>motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>   *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant.—**
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is—
       (I) suffering from a serious physical or medical condition,
       (II) suffering from a serious functional or cognitive impairment, or
       (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the

---

**(B) Age of the Defendant.** –
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances.** –
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.** –
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

## III. ANALYSIS

Defendant moves for compassionate release in order that he can care for his mother, who "is 73 years old and has several terminal illnesses, such as diabetes, hypertension, high cholesterol, and osteoporosis which has her confined to a wheelchair . . . [and] has had several heart attacks within a year." D.E. 64, p. 1. According to Defendant, his mother's primary caregiver died from COVID-19, and "[e]verybody who lived on the ranch in Mexico that would have been a caregiver for [his] mother has died." *Id.* Defendant has offered no evidence in support of his claim that his mother is dying or that he is her only available caretaker. Moreover, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (denying compassionate release to defendant to care for ill mother).

Defendant further claims that he is needed as the primary caregiver for his 14-year-old son, who recently attempted suicide due to depression. He states that no one has been willing to care for his son since the boy's mother died. Like his claim regarding his mother, Defendant has offered no evidence that he is the only available caregiver for his son. Moreover, the Presentence Investigation Report states that, following their mother's heart attack in 2008, Defendant's five children "resided temporarily with a relative in Donna, Texas, while the defendant was incarcerated. Since then, the children have resided with Ludivina Alejandro Becerra, the defendant's current wife." PSR, D.E. 26, ¶ 40. Defendant does not mention this relative or his wife, or why both are unable to care for his son. He also does not explain how he plans to act as the primary caregiver for his son in Texas, given Defendant's imminent deportation to Mexico upon release from custody.

Finally, Defendant already received a below-Guideline sentence. Having considered the factors set forth in § 3553(a), the Court finds that a 72-month sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission and § 3553(a). Defendant's Title 18 U.S.C. sec. 3582(c)(1)(A)(ii) EMERGENCY MOTION FOR COMPASSIONATE RELEASE Pursuant to FIRST STEP ACT (D.E. 64) is therefore **DENIED**. It is so **ORDERED** this 9th day of February, 2022.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE